UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WORD TO INFO INC.,

        Plaintiff,

    v.

FACEBOOK INC.,

        Defendant.

Case No.  15-cv-03485-WHO

**ORDER DENYING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

Dkt. 128

## INTRODUCTION

Plaintiff Word to Info, Inc. ("WTI") brings this lawsuit against defendant Facebook Inc. ("Facebook") (No. 15-cv-03485-WHO), accusing Facebook of infringing four patents, United States Patent Nos. (1) 5,715,468 ("the '468 patent"); (2) 6,138,087 ("the '087 patent"); (3) 7,349,840 ("the '840 patent"); and (4) 8,688,436 ("the '436 patent").  The patents-in-suit all share a specification and relate to natural language processing.  WTI moves for leave to amend its infringement contentions following claim construction on the patent claims.  Because it has failed to establish diligence and good cause, its motion is DENIED.

## BACKGROUND

### I.   BASIC PROCEDURAL HISTORY

WTI brought its action against Facebook on December 14, 2015 in the United States District Court for the Northern District of Texas.  Dkt. No. 1.  On May 8, 2015, WTI served Facebook with infringement contentions pursuant to the Northern District of Texas's Amended Miscellaneous Order No. 62, paragraph 3-1, which the parties describe as "substantively similar" to this district's Patent Local Rule 3-1.  Joint Case Management Statement at 2-3, 13 (Dkt. No. 69).  On July 23, 2015, the case was transferred to this district.  Dkt. No. 49.  The parties continued to treat the infringement contentions served on May 8, 2015 as the operative

infringement contentions in the case.

During the initial case management conference on November 10, 2015, I set a schedule for reducing the asserted claims and prior art references, requiring (1) WTI to preliminarily elect no more than 10 claims per patent and 32 claims in total by 28 days after the claim construction ruling; and (2) Facebook to preliminarily elect no more than 18 references per patent and 50 references in total by February 5, 2016, and then to finally elect no more than nine references per patent and 25 references in total by 14 days after WTI's final election of asserted claims.  Dkt. No. 73.

At the end of the case management conference, Facebook asked to confirm that "we don't believe there will be another ability, absent good cause and motion for the cause, for them to further amend their contention . . . . They had asked for a time of 30 days after claim construction . . . ."  Hearing Tr. At 17 (Dkt. No. 78).  I stated, "you need good cause if they are unique issues regarding validity or infringement.  And that's in that 28-day period."  *Id.*

The Civil Minutes issued following the case management conference set out the following case management deadlines:

CLAIM CONSTRUCTION SCHEDULE

| | |
|---|---|
| Invalidity Conventions: | February 5, 2016 |
| Exchange of proposed terms: | February 19, 2016 |
| Exchange of preliminary constructions: | February 26, 2016 |
| Joint claim construction statement: | March 18, 2016 |
| Complete claim construction discovery | April 15, 2016 |
| Opening Brief: | April 29, 2016 |
| Response Brief: | May 27, 2016 |
| Reply Brief: | May 27, 2016 |
| Claim Construction Tutorial: | June 10, 2016 |
| Claim Construction Hearing: | June 17, 2016 |

PRETRIAL SCHEDULE

| | |
|---|---|
| Deadline to amend/add parties: | December 31, 2015 |
| Fact discovery cutoff: | November 11, 2016 |
| Expert disclosure: | December 15, 2016 |
| Expert rebuttal: | February 16, 2017 |

United States District Court
Northern District of California

| | |
|---|---|
| Expert discovery cutoff: | March 6, 2017 |
| Dispositive Motions heard by: | May 10, 2017 |
| Pretrial Conference: | September 11, 2017 |
| Trial: | October 10, 2017 |

Dkt. No. 73.  Pursuant to stipulation by the parties, the deadline for Facebook to serve its invalidity contentions was extended to February 12, 2016, the deadline for proposing terms for construction was extended to March 18, 2016, and the deadline for submitting the joint claim construction statement was extended to April 1, 2016.  Dkt. No. 84.

WTI previously moved to amend its infringement contentions following the review of Facebook's source code.  WTI began reviewing Facebook's source code in October of 2015.  Saunders Facebook Decl. ¶ 5.  On December 30, 2015, WTI served Facebook with amended infringement contentions, which WTI described as "add[ing] citations to Facebook's source code based on WTI's source code inspection."  On February 3, 2016, WTI served Facebook with a further revised version of its amended infringement contentions.  Mead Decl. Ex. Q (Dkt. No. 97-18).  On March 31, 2016, WTI filed its first motion for leave to amend, which I granted on July 8, 2016.  Dkt. No. 121.

## II.   CLAIM CONSTRUCTION ORDER, ADDITIONAL SOURCE CODE REVIEW AND AMENDED INFRINGEMENT CONTENTIONS

On March 18, 2016, Facebook disclosed its proposed constructions to 20 words or phrases for construction by the Court, and 50 phrases or clauses governed by 35 U.S.C. § 112(6).  (Dkt. 128-14).  Shortly after, on April 8, 2016, the parties filed a Joint Claim Construction Statement, asking the Court to construe an agreed-upon list of ten terms.  Dkt. No. 96.  I issued a tentative claim construction ruling on June 16, 2016, which included adopting a modified version of Facebook's proposed construction of "word sense number" and Facebook's proposed construction of "syntax usage data."  Dkt. No. 111.  The Claim Construction hearing was held on June 17, 2016, and on July 12, 2016 I issued the final Claim Construction Order, adopting the same constructions for "word sense number" and "syntax usage data" as in my tentative order.  Dkt. No. 122.

Following the Claim Construction Order, WTI contacted Facebook to schedule a

supplemental source code inspection focused on the technical elements implicated by the construction of "word sense number" and "syntax usage data."  Motion for Leave ("Mot"), 5 Dkt. No. 128.  WTI conducted a supplemental review of Facebook's source code from July 25-27, 2016 and Facebook provided WTI with printed copies of source code related to this supplemental inspection on August 2, 2016.  Mead Decl., ¶2; Mead Decl. Ex. 3.

Under the original scheduling order in the case, WTI was required to make a final election of asserted claims within 28 days of the Claim Construction Order, or August 9, 2016.  Dkt. No. 73.  WTI requested a one-week extension until August 16, 2016, which Facebook did not oppose "on condition that WTI will not rely on this courtesy extension in any way in support of any motion to amend infringement contentions."  Mead Decl. Ex. 4.  I granted WTI's unopposed request for an extension.  Dkt. No. 126.

WTI served its final election of claims, as well as its proposed amended contentions on Facebook at 12:13 a.m. on August 17, 2016.  Mot. Ex. 18 (Dkt. No. 128-18).  WTI filed the present motion for leave to amend its infringement contentions on August 31, 2016.

## LEGAL STANDARD

"Patent Local Rule 3 requires patent disclosures early in a case and streamlines discovery by replacing the series of interrogatories that parties would likely have propounded without it." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST, 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (internal quotation marks and modifications omitted).  The disclosures required under Rule 3 are designed "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006).  "They are also designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Golden Bridge Tech. Inc. v. Apple, Inc.*, No. 12-cv-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) (internal quotation marks omitted); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("The local patent rules in the Northern District of California [require] both the plaintiff and the defendant in patent cases to provide early notice of

United States District Court
Northern District of California

United States District Court
Northern District of California

1    their infringement and invalidity contentions, and to proceed with diligence in amending those

2    contentions when new information comes to light in the course of discovery.  The rules thus seek

3    to balance the right to develop new information in discovery with the need for certainty as to the

4    legal theories.").

5          Patent Local Rule 3-6 permits amendment of infringement contentions only by order of the

6    Court, and only upon a "timely showing of good cause."  Patent L.R. 3-6.  Rule 3-6 lists several

7    examples of "circumstances that may, absent undue prejudice to the nonmoving party, support a

8    finding of good cause."  *Id.*  These include "[a] claim construction by the Court different from that

9    proposed by the party seeking amendment."  *Id.*  In determining whether a party has established

10   good cause, courts first look to whether the party has shown that it has acted with diligence.  *See*

11   *O2 Micro*, 467 F.3d at 1366.  "[I]f the moving party was not diligent, the inquiry should end."

12   *Apple Inc. v. Samsung Electronics Co. Ltd.*, No. 12-cv-0630-LHK (PSG), 2013 WL 3246094, at

13   *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted).  On the other hand, "[i]f the court

14   finds that the moving party has acted with diligence, it must then determine whether the

15   nonmoving party would suffer prejudice if the motion to amend were granted."  *Id.* (internal

16   quotation marks omitted).

**DISCUSSION**

17

**I.      DILIGENCE**

18

19         Facebook's principal argument against amendment is that WTI has not shown diligence.

20   *See* Opposition ("Oppo.") 5, (Dkt. No. 131).  Facebook asserts that the majority rule in this district

21   is that, when a party seeks leave to amend infringement contentions after a claim construction, the

22   "diligence of the moving party is measured from the day the moving party received the proposed

23   constructions, not the date of the issuance of the Court's claim construction opinion."  *Aylus*

24   *Networks, Inc. v. Apple Inc.*, No. 13-cv-04700-EMC, 2015 U.S. Dist. LEXIS 71230, at *1-2 (N.D.

25   Cal. June 2, 2015).  It argues that WTI was not diligent because it waited four to five months after

26   Facebook served its proposed constructions to amend its contentions.  In response, WTI argues

27   that the cases do not support Facebook's majority rule.  Multiple cases have held that diligence

28   should be measured from the date of the claim construction order.  Reply 5 (Dkt. No. 133).  It adds

that rigid application of Facebook's rule is inappropriate and that courts should instead assess the specific facts of each case.  On the facts here, it urges that it acted diligently in waiting until after the *Markman* order to begin the process of amending its infringement contentions.  *Id.* 4.

**A.  The date-of-disclosure and date-of-order rules**

The parties agree that there is a split of authority on the interpretation of Local Patent Rule 3-6(a).  As Facebook correctly points out, many judges in the Northern District, including myself, have determined that "where the court adopts the opposing party's proposed claim construction, the moving party's diligence, without which there is no good cause, is measured from the day the moving party received the proposed constructions, not the date of issuance of the Court's claim construction opinion."  *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 WL 1899616, at *4 (N.D. Cal. May 12, 2014); *see also Cisco Sys. v. Teleconference Sys.*, No. 09-cv-01550-JSW (NC), 2012 WL 9337627, at *3 (N.D. Cal. June 11, 2012) (the date plaintiff received defendants' proposed construction "marked the beginning of the relevant time period for evaluating plaintiff's diligence because that is when plaintiff first became aware of the risk that the district court could adopt that construction"); *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-cv-00865-SI, 2014 WL 789197 ("the date that the moving party received that proposed construction 'mark[s] the beginning of the relevant time period for evaluating [it]s diligence'") (citing *Cisco*, 2012 WL 9337627, at *3); *Swanson v. ALZA Corp.*, No. 12-cv-4579-PJH, 2014 WL 4441161 (N.D. Cal. Sept. 9, 2014) ("the operative date for determining diligence is the date that ALZA served its proposed constructions"); *Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO, 2015 U.S. Dist. LEXIS 137113, at *25-26 (N.D. Cal. Oct. 7, 2015) ("A party's diligence in moving to amend infringement or invalidity contentions in response to a claim construction order is triggered when the parties serve their initial proposed constructions.").  Facebook contends that these cases represent the majority view in this district and that this date-of-disclosure rule should apply in this case.

But WTI notes that several courts in this district have rejected the date-of-disclosure rule and have instead measured diligence from the date of the claim construction order.  *See Emblaze Ltd. v. Apple Inc.*, No. 11-cv-01079-PSG, 2013 U.S. Dist. LEXIS 132169, at *5 (N.D. Cal. Sept.

United States District Court
Northern District of California

12, 2013) (Patent Local Rule 3-6(a) "imposes no different standard when the different claim construction was first proposed by the opposing party."); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, No. 13-cv-01300-JSW (MEJ), 2015 U.S. Dist. LEXIS 73935, at *17 (N.D. Cal. May 14, 2015) ("Rule 3-6(a) does not require a party to seek leave to amend prior to issuance of the final claim construction order."); *GPNE Corp. v. Apple Inc.*, 2013 WL 6157930, at *2 (N.D. Cal. Nov. 22, 2013 ("GPNE could not have anticipated the full scope of the amendments needed without the court's claims construction order before it.")  WTI argues that the date-of-order rule is more appropriate here.

**B. The date-of-disclosure rule applies**

While courts in this district have not applied a uniform rule, review of all of the cases reveals that, regardless of the rule applied, diligence determinations are necessarily fact intensive inquiries and must be determined based on the individual facts of each case.  In reviewing the circumstances here, I conclude that this case more closely aligns with those cases following the date-of-disclosure rule.

**1.  The date-of-order rule applies when the court adopts its own construction**

First, two of the cases following WTI's date-of-order rule are inapplicable because the courts in those cases had adopted claim constructions of their own creation, rather than claim constructions proposed by the opposing party.  In *Emblaze* plaintiffs moved to amend invalidity contentions, in part, to address a "variety of constructions adopted by the court that neither party proposed."  *Emblaze*, 2013 U.S. Dist. LEXIS 132169, at *5.  And in *GPNE*, the plaintiffs requested leave to amend to address a construction adopted by the court that "departed from both parties' suggested constructions."  *GPNE*, 2013 WL 6157930, at *2.  These cases therefore address how to measure diligence when the court adopts its own claim construction, rather than how to measure diligence "where the court adopts the opposing party's proposed claim construction."  *France Telecom*, 2014 WL 1899616, at *4.

WTI argues that the date-of-order rule should nevertheless apply because I ultimately adopted a modified version of Facebook's proposed construction of "word sense number" instead of Facebook's precise language.  WTI relies on *Technology Properties Ltd. LLC v. Canon Inc.*, in

United States District Court
Northern District of California

which the court applied the date-of-order rule because "the district court did not simply adopt the constructions proposed by Defendants," but "adopted a modified version of Defendants' proposed constructions." No. 14-cv-03640-DR, 2016 U.S. Dist. LEXIS 46759, *17 (N.D. Cal. April 6, 2016). While WTI correctly points out that a modified construction may make the date-of-order rule appropriate, the level and manner of modification is important. In *Swanson*, even though the court adopted a modified construction, it still applied the date-of-disclosure rule because, "apart from deleting the 'slight dip' limitation in ALZA's proposed construction, the court did not significantly modify that construction." 2014 WL 4441161, at *2. In *Technology Properties*, by contrast, the court outlined that the court's modified construction introduced a new "firmly fixed" condition that was "never proposed by any party." 2016 U.S. Dist. LEXIS 46759, at *18. These cases demonstrate that the date-of-order rule only applies to a modified construction if the modification is material.

Here the modification to Facebook's proposed construction of "word sense number" was not material. The ultimate construction excluded certain prefatory language from Facebook's proposal but did not add, alter, or delete any limitations. WTI does not attempt to argue that this modification had any significant impact on the construction of the term or impacted its need to amend its infringement contentions. Because this modification was not material, this case mirrors the facts of *Swanson*, and the date-of-disclosure rule applies.

### 2.   The *Chrimar* case is not analogous to the facts here

The third case on which WTI relies, *Chrimar*, is also distinguishable. In finding that plaintiffs had been diligent, the *Chrimar* court emphasized that discovery was ongoing in the case, no trial date had been set, and defendants were well aware of the theories in plaintiff's proposed amendments because they were based on theories litigated in another case between the parties. 2015 U.S. Dist. LEXIS 73935, at *18, *24. It concluded that on those facts, the concerns contemplated by Local Rule 3-6(a), of parties changing their positions late in the case, did not apply. *Id.* at *17. In contrast, in this case, fact discovery is set to close on November 11, 2016, WTI's proposed amended contentions accuse new and different number data and database items, and WTI's updated charts cite to previously unidentified portions of Facebook's source code.

United States District Court
Northern District of California

These facts raise the precise concerns contemplated by Local Rule 3-6(a), which was designed "to prevent the parties from shifting their theories late in discovery, leaving the opposing party with little time to conduct discovery on a new theory." *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008).  *Chrimar* is not analogous to the present case.

### 3.  WTI's policy arguments against the date-of-disclosure rule are not persuasive

WTI finally argues that adopting the date-of-disclosure rule "runs the risk of distorting the claim construction process into a virtual war of attrition" by requiring plaintiffs to "prepare alternative infringement charts" in response to every term for which defendants disclose a proposed construction.  Mot. 10.  It notes that it would have been unreasonable to prepare charts, prior to the final claim construction order, for all of Facebook's proposed terms, only four of which were ultimately adopted by the court.  *Id.*  This argument is not convincing.

First, not all proposed constructions will have a significant impact on the plaintiffs' contentions.  While I eventually adopted four of Facebook's proposed constructions, WTI only seeks leave to amend in response to two of these terms.  Presumably, the other two constructions were broad enough or minor enough that they did not require WTI to adjust its infringement theories.  It is likely that many of Facebook's other proposed constructions, many of which the parties ultimately decided were less important for the court to construe, would have been similarly inconsequential.

Second, the "parties should proffer all of the theories of infringement that they in good faith believe they can assert." *Thought Inc.*, 2015 U.S. Dist. LEXIS 137113, at *7.  If a defendant's proposed constructions help the plaintiffs realize that they can provide clearer, stronger, or different theories of infringement, plaintiffs should work diligently to amend their contentions to form and put forward those theories.  Or, if plaintiffs determine that a proposed contention is frivolous, unlikely to be adopted, relatively unimportant, or too complicated to respond to, they can make a strategic decision not to pursue amendment.  These are the sorts of decisions and balancing that parties must make in litigation where it is often necessary and prudent to prepare for uncertain outcomes.  This reality does not mean that the claim construction process

1   will devolve into a "virtual war of attrition."

2        Finally, while WTI submits that Facebook's proffered rule would require plaintiffs to

3   prepare infringement charts for every alternative construction, no case holds plaintiffs to such a

4   standard.  Diligence is a fact intensive inquiry, and courts do not apply a mechanical rule in

5   assessing a party's diligence but instead consider the factual circumstances in total.  There are

6   many steps WTI could have taken, short of preparing and serving claim construction charts, that

7   would have helped demonstrate diligence.  It could have reached out to Facebook prior to the

8   claim construction hearing to discuss conducting a supplemental review of its source code.  Once

9   the parties submitted their joint claim construction statement it could have informed Facebook that

10  if Facebook's "word sense number" and "syntax usage data" constructions were adopted it would

11  be amending.  And at the claim construction hearing it could have informed Facebook and the

12  court that, if the tentative ruling held, it would need to amend its infringement contentions.  It did

13  none of these things.  Instead, it chose to wait until after the final claim construction order to even

14  begin investigating whether it could formulate alternative infringement contentions.  This " 'wait-

15  and-see' approach defies the spirit of the patent local rules."  *Cisco Sys. v. Teleconference Sys.*,

16  No. 09-cv-01550-JSW (NC), 2012 WL 9337627, *20 (N.D. Cal. Cal. June 11, 2012).

17  **C.  WTI was not diligent under the date-of-disclosure rule**

18       Under the date-of-disclosure rule, WTI's obligation to diligently pursue amendment was

19  triggered on March 18, 2016 when Facebook disclosed its proposed claim constructions.  WTI did

20  not begin taking steps to coordinate a supplemental source code review, which was necessary for

21  its amendment, until after the claim construction order in late July, 2016 – four months later.  It

22  did not inform plaintiffs that it intended to amend its infringement contentions until August 16,

23  2016 – five months after Facebook disclosed its proposed constructions.  Courts have routinely

24  found that a four-five month delay in amending infringement contentions is not diligent.  *O2*

25  *Micro*, 467 F.3d at 1367-68 (affirming district court ruling that three-month delay was not

26  diligent); *Par Pharm., Inc. v. Takeda Pharm. Co., Ltd.*, No 13-cv-01927, 2014 WL 3704819, at *2

27  (N.D. Cal. July 23, 2014) (four month delay was not diligent); *Acer, Inc. v. Technology Properties*

28  *Ltd.*, No. 08-cv-00877-JF, 2010 WL 3618687, at *4-5 (party was not diligent in waiting three

United States District Court
Northern District of California

months after a stay was lifted to begin investigation and another three weeks to file amended

contentions).  I conclude that WTI did not act diligently in taking steps to amend its infringement

contentions and has failed to establish good cause under Patent Local Rule 3-6.  WTI's motion for

leave to amend is DENIED.

### CONCLUSION

Because WTI has failed to establish diligence and good cause, its motion for leave to

amend its infringement contentions is DENIED.

**IT IS SO ORDERED**.

Dated: October 27, 2016



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California